IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | 2:21-CV-240-Z-BR |
| § | |
| $250,000 OF THE $1,150,000 IN U.S. § | |
| CURRENCY SEIZED ON JUNE 11, 2021, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO ORDER PLAINTIFF TO SEEK ENTRY OF DEFAULT
AND MOVE FOR DEFAULT JUDGMENT**

This case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a Standing Order of Reference from United States District Judge Matthew J. Kacsmaryk. (ECF 4).

## I. BACKGROUND

On November 29, 2021, the Government filed a Complaint against Defendant Property. (ECF 1). The Government seeks to seize Defendant Property because it was recovered incident to a traffic stop in Wheeler County, Texas, in which controlled substances were discovered. (*Id.* at 3).

On November 7, 2022, at the instigation of the undersigned, the Government filed a Certificate of Service attesting that it has provided all interested persons with notice of the pendency of this action. (ECF 11). The undersigned found service as to one interested person lacking and ordered the Government to properly effectuate service, which it did on November 9, 2022. (ECF 13).

## II.  ANALYSIS AND RECOMMENDATION

Pursuant to Supplemental Rule G(5)(a)(ii), persons who may an interest in Defendant Property must file a claim on the docket within 35 days of service of notice. The undersigned can ascertain two such persons: Keidric Hsingyuh Wong and Philip Dustin Klug. (ECF 1 at 3). Service was executed as to Klug no later than December 4, 2021. (ECF 11-1 at 1). Therefore, he was required to file a claim on or before January 9, 2022. Service was executed as to Wong via his attorney in a parallel matter no later than November 11, 2022. (ECF 13-1 at 5). Therefore, he was required to file a claim on or before December 16, 2022. As of this date, no claims have been filed in this matter.

The Local Rules authorize the presiding judge to require a plaintiff to seek entry of default **and** default judgment as to any defendant who is in default. *See* N.D. Tex. Civ. R. 55.1; *see also* N.D. Tex. Civ. R. 1.1(b). No claims having been made, and so this matter may efficiently be brought to resolution, default is appropriate.

Accordingly, it is the RECOMMENDATION of the United States Magistrate Judge that the United States District Judge ORDER Plaintiff to move for default judgment against Defendant Property within fifteen days of the Court entering an order accepting this Findings, Conclusions, and Recommendation, if the Court enters such order. *See* Fed. R. Civ. P. 55(a)–(b); N.D. Tex. Civ. R. 55.1, 55.3.

## IV.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED January 9, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).